IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOSHUA LYNN LAND, | § | |
| TDCJ No. 02017056, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | W-22-CV-1157-ADA |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| RESPONDENT. | § | |

### ORDER

Before the Court is Petitioner Joshua Lynn Land's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 10). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner's federal habeas petition should be denied under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

### I. Background

In June 2015, Petitioner pleaded guilty to evading arrest or detention with a vehicle and the trial court sentenced him to twenty-five years imprisonment. *See State v. Land*, No. 2014-613-C1 (19th Dist. Ct., McLennan Cnty., June 12, 2015). Petitioner is currently incarcerated in the Gib Lewis Unit of the Texas Department of Criminal Justice— Correctional Institutions Division (TDCJ-CID). However, at the time of the events relevant to this case, he was incarcerated at TDCJ-CID's Alfred D. Hughes Unit.

1

On September 20, 2021, a Hughes Unit correctional officer was conducting a recount when he observed Petitioner acting abnormally: Petitioner was unresponsive and lying across his bunk with a lit cigarette in his hand; a hot pot heating element was plugged into an outlet; and there were some burnt cigarette roaches lying on Petitioner's desk. Because Petitioner was unresponsive, the officer called medical. The officer also observed a plastic bottle with an unknown substance near Petitioner's right foot. (ECF No. 11-1 at 4.) That same day, Petitioner was charged with Level 1 Offense 12.0: Use or possession of marijuana or an unauthorized controlled substance. (ECF No. 11-1 at 4.)

Petitioner's hearing was four days later on September 24, 2021. The hearing officer appointed him counsel substitute. He stated at the hearing that he had been notified the testing was negative. Counsel substitute asked why there were no pictures of the cigarette roaches being tested. The charging officer stated he had to yell Petitioner's name during the recount, and when he regained consciousness, the cigarette in his hand slid underneath his leg. The hot pot smelled burnt as well.

There were several pictures included in the record: one of medical personnel attending to Petitioner, and ones of the white bottle, his burnt fingertips, and the heating element. The hearing officer noted that testing of the items was negative and concluded Petitioner was not guilty of the Code 12.0 violation. However, he found Petitioner guilty of violating Code 16.0, Possession of Contraband, for the unknown substances in his bunk and the hot pot element. Petitioner lost 30 days of good time credits, as well as 30 days of commissary, recreation, and phone privileges; was put on cell restriction for 30 days; and was reduced in line class from S5 to L1. (ECF No. 11-1 at 7-13.)

On October 11, 2021, Petitioner filed a Step 1 grievance disputing the conviction, which was denied December 7, 2021. On December 13, 2021, Petitioner filed a Step 2 grievance, which was reviewed and denied on the merits on February 16, 2022. (ECF No. 11-2 at 3-6.)

On October 10, 2022, Petitioner executed his federal petition for a writ of habeas corpus, raising the following three grounds of relief:

1. His due process rights were violated when prison staff refused his request to test the substances they charged as marijuana or other controlled substance when TDCJ policy requires such testing.

2. His due process rights were violated when he was initially charged with violating Code 12.0 but then found guilty of violating Code 16.0 without prior notice.

3. The evidence and charges against him are false.

(ECF No. 1.) Respondent argues Petitioner's first claim for relief is non-cognizable and that his second and third claims are meritless. (ECF No. 10.) Petitioner has not replied.

## II. Analysis

1. Due Process & Some Evidence (claims 2 & 3)

In his second and third claims for relief, Petitioner argues his due process rights were violated when he was charged with a Code 12.0 violation but then found guilty of a Code 16.0 violation without receiving prior notice. He also argues there is no evidence supporting his conviction.

In general, the Fourteenth Amendment's Due Process Clause is not implicated by any changes to the conditions of Petitioner's confinement. In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S.

472, 483-84 (1995). These interests are generally limited to sanctions that affect the quantity of time served by a prisoner, not the conditions of confinement. *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Thus, to state a valid claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence. As a result, Petitioner's temporary loss of commissary, recreation, and phone privileges, along with the reduction in his line classification, do not implicate a protected liberty interest and cannot serve as the basis for his due process claim. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison*, 104 F.3d at 768 (holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns).

On the other hand, Petitioner is entitled to due process protections regarding the loss of his good-time credits, as long as he is eligible for release on mandatory supervision. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) (finding the mandatory supervision scheme in Texas "creates a constitutional expectancy of early release and, as such, a protected liberty interest in previously earned good-time credits."). Respondent concedes Petitioner is eligible for mandatory supervision release. (ECF No. 10 at 8).

Because "[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In connection with a disciplinary hearing, a

prisoner is entitled to: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to call witnesses and present documentary evidence, and (3) written findings in support of the ruling. *Id.* at 554-56; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). There must also be "some evidence" in the record to support the disciplinary decision. *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

Petitioner received notice of the charges against him on September 20, 2021, and his hearing was four days later. At the hearing, he pleaded not guilty, and the hearing officer appointed him counsel substitute. The charging officer testified to what he saw in Petitioner's cell, and counsel substitute cross-examined the charging officer as to why the cigarette roaches were not tested. Petitioner did not present any evidence or witnesses and made no statement outside of noting the items tested were negative for controlled substances. Petitioner again questioned why the cigarettes were not tested and asked for leniency at the end of the hearing. The hearing officer found Petitioner guilty.

The record shows that Petitioner's hearing complied with constitutional due process requirements: he was provided notice of the charges against him, given an opportunity to present evidence and call witnesses, and then given a written explanation of the evidence used to support the hearing officer's decision and the reasons for his punishment. Petitioner argues that it was unconstitutional for the hearing officer to find him guilty of a Code 16.0 violation when he did not receive notice of that charge prior to the hearing. However, TDCJ-CID's Disciplinary Rules and Procedures for Offenders defines a lesser-included offense as follows: "When it is impossible to commit a particular

offense without, at the same time and by the same conduct, committing a less serious offense, the latter is a lesser-included offense. . . . When the [hearing officer] determines that a lesser-included offense more accurately represents the offender's conduct and culpability, the [hearing officer] may find the offender guilty of the lesser-included offense instead of the more serious offense, without further notice and hearing." TEX. DEP'T CRIM. JUST. CORR. INST. DIV., DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS, 24 (2019), https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf. Although the substances in Petitioner's cell were negative for marijuana or other controlled substances, Petitioner did not dispute that he possessed contraband. There is no due process violation when an offender is found guilty of a lesser-included offense. *See Dixon v. Hastings*, 202 F. App'x 750, 752 (5th Cir. 2006) (even if offender was not advised of change in charge, notice was adequate because both charges were based on the same facts and subject to the same defense, allowing offender to "marshal the facts and prepare a defense" (quoting *Wolff*, 418 U.S. at 564)).

Petitioner also claims that the evidence and charges against him were false. Again, federal habeas review of the sufficiency of evidence in disciplinary proceedings is extremely limited, and due process is satisfied when there is "some evidence" to support the disciplinary finding. *Richards*, 394 F.3d at 294; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted). The record shows the hearing officer based his finding of guilt on the charging officer's report and testimony, and the pictures of Petitioner and the contraband. This constitutes "some evidence" and

is therefore sufficient to support a finding of guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding an officer's identification of an offender in a written report constituted "some" or "any" evidence to support the prison disciplinary board's guilty finding). Accordingly, Petitioner's due process and insufficient evidence claims are denied.

2. TDCJ Policy (claim 1)

Petitioner finally argues that prison staff violated his due process rights when they refused his request use an independent laboratory to test the substances found in his cell. Petitioner argues it is TDCJ policy to use an independent laboratory when a prisoner contests an allegation that he had controlled substances.

A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minimums are nevertheless met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). As explained above, Petitioner's disciplinary hearing did not violate the constitutional due process requirements as outlined in *Wolff*. Accordingly, prison officials' failure to follow certain TDCJ policies during the disciplinary process does not invalidate the proceedings nor does it violate Petitioner's right to due process. This claim is denied.

## V. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 16th day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE